UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEPHEN WOODS,

        Plaintiff,

   v.

MICHAEL ROTH, ROBERT CAVETT, WENDELL      Case No. 11-14444
FIELDS, MARCUS TRAMMEL, JACI RAAB, V       Honorable Julian Abele Cook, Jr.
JONES, and DOUG KAISER,

        Defendants.


<u>ORDER</u>

In this civil lawsuit, the Plaintiff, Stephen Woods, claims that the Defendants[1] violated

federal and state laws when they collectively used excessive force during their arrest of him.

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Currently before the Court is the Defendants'

motion for summary judgment.

I.

The conflict between the Plaintiff and the Defendants occurred on February 19, 2011 while

the Plaintiff was a passenger in an automobile that was operated by his neighbor, Allen King. King

told the Plaintiff that the car belonged to his girlfriend, but in fact, the car was stolen. The Plaintiff

---

[1]The original Defendants identified in this action were Michael Roth, Robert Cavett,
Wendell Fields, Marcus Trammel, Jaci Raab, V Jones, and Doug Kaiser. Cavett and Fields were
dismissed from this case without prejudice by the parties' stipulation on June 1, 2013. All claims
against Jones and Kaiser were subsequently dismissed by stipulation of the parties on August 6,
2013. Thus the only remaining Defendants are Roth, Trammel, and Raab, all of whom were
employed as Michigan State police officers during the dates and times that are relevant to this
case.

and King were driving from Detroit to Traverse City, when the Plaintiff demanded that they return to Detroit. The Plaintiff then alleges that he fell asleep and was later awakened when the car ran over rumble strips along the shoulder of the highway. According to the Plaintiff, King was driving over one hundred miles per hour and told him that they were being chased by the police. The chase involved multiple police vehicles and lasted approximately one-half hour.[2]

Eventually, the Defendants - each driving separate vehicles - were able to successfully force King's car to the side of the road. Roth immediately drove his car in front of King's, blocking his escape. At the same time, Trammel stopped his car along the driver's side of King's car. An officer - presumably Trammel - then rushed to the driver's door of King's car with his gun drawn, and ordered King out. At this point, Raab appeared in view of the camera and assisted with King's arrest.

The Plaintiff was apprehended out of view of Trammel's camera. He asserts that once he was outside the car, Roth grabbed him by the sweater and threw him to the ground, despite his pleas to be gentle with his injured shoulder. He said that Roth then yanked him from the ground by the handcuffs, re-injuring his shoulder. Roth and another officer proceeded to escort the Plaintiff to the rear passenger door of Roth's vehicle, where they appear in the video taken by Trammel's dash camera. The officers paused as Roth pushed the Plaintiff into the car. Roth then followed him in and appears to have leaned on top of him. Although it is difficult to perceive what happens next, it is clear that Roth struck the Plaintiff with his hand. Roth appears to be well inside the car, leaning over the seat, while the Plaintiff apparently lay on the seat below him. Four strikes are visible. Both Raab

---

[2]There appears to be some discrepancy about the time. Woods contends that it was dark when he woke to King's high-speed driving. However, the dashboard camera on Trammel's vehicle indicates that the time was approximately 11:30 a.m. when the chase ended. Woods apparently stated at a later point in his deposition that the chase happened during morning traffic.

and Trammel were some distance away, out of arms reach. After striking the Plaintiff, Roth exited the vehicle and shut the door.

The Plaintiff was arrested for (1) resisting and obstructing a police officer and (2) violating curfew on a warrant out of the City of Detroit. However, the prosecutor opted not to file charges. This lawsuit followed on October 10, 2011.

## II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S.

at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

In his complaint, the Plaintiff asserts that the Defendants: (1) violated his basic rights to protection under the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) committed an unjustifiable assault and battery upon him; (3) intentionally subjected him to a state of emotional distress, (4) subjected him to the trauma of a false arrest, and (4) caused him to be falsely imprisoned. In their motion, the Defendants contend that they are entitled to an entry of summary judgment, citing (1) the doctrines of qualified immunity and governmental immunity; and (2) the Plaintiff's failure to establish a prima facie case of false arrest, false imprisonment, and an intentional infliction of emotional distress.

A.      <u>Fourth Amendment and Qualified Immunity</u>

4

In order to survive an entry of summary judgment on this constitutional claim, the Plaintiff "must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (internal quotation marks omitted). Here, the Plaintiff, in charging these Defendants with violations of his Fourth Amendment right to be free from unreasonable seizure, complains that Roth beat him after he was handcuffed, defenseless, and fully compliant with his commands.

The Defendants contend that an entry of summary judgment is appropriate because they are entitled to qualified immunity. When considering whether a defendant is entitled to qualified immunity, the Court must determine whether the plaintiff has established (1) a violation of a constitutional right and (2) the right at issue was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). These two prongs may be considered in any order. *Id.* at 241.

"To hold an officer liable for the use of excessive force, a plaintiff must prove that the officer '(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'"*Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)). "To establish liability against an individual defendant acting under color of state law, a plaintiff must show that the defendant was 'personally involved' in the use of excessive force." *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013). "As a general rule, mere presence at the scene . . ., without a showing of direct responsibility for the action, will not subject an officer to liability."

*Ghandi v. Police Dep't of the City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984). An excessive force claim which arises during an arrest or investigatory stop is analyzed under the reasonableness inquiry of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985).

      1.    <u>Roth</u>

It is undisputed that Roth personally used force against the Plaintiff during the arrest. The Defendants admit that a question of material fact exists as to whether Roth used reasonable force in subduing him. Def. Mot. Summary Judgment 13, ECF No. 48.

The constitutional right at issue here is the right to be free from harm while not resisting the police. This right has been clearly established for many years, and certainly was at the time of the incident in question. *See, e.g.*, *Eldridge v. City of Warren*, 533 F. App'x 529, 535 (6th Cir. Aug. 5, 2013); *Kijowski v. City of Niles*, 372 F. App'x 595, 601 (6th Cir. 2010).

As Woods has produced sufficient evidence to demonstrate to a jury that a clearly established constitutional right was violated, Roth is denied qualified immunity.

      2.    <u>Trammel and Raab</u>

The Plaintiff contends that Trammel and Raab violated his Fourth Amendment rights by failing to intervene and prevent Roth from striking him. The Defendants contend that they are not liable for any excessive use of force because the Plaintiff cannot prove that they were in a position to intervene when Roth punched him in the face.

"'[A] police officer who *fails* to act to prevent the use of excessive force may still be held liable where '(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from

occurring.'" *Burley*, 729 F.3d at 620 (quoting *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008)).

Here, the Plaintiff is unable to establish that these Defendants were present and in a position to intervene at the time of the beating. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The video shows that Roth had just climbed in the backseat of his police car when he struck the Plaintiff without warning. This assault lasted no more than a few seconds. It is clear from the video that Trammel and Raab were not close to Roth when he struck the Plaintiff. Furthermore, the Plaintiff has not presented any evidence which a jury could utilize to find that these two officers had an opportunity to intervene. The Defendants' motion for summary judgment is granted with respect to the § 1983 claim against Trammel and Raab.

  B. <u>Governmental Immunity</u>

The Defendants contend that they are entitled to governmental immunity with regard to the Plaintiff's state law tort claims. Under Michigan law, a lower-ranking government employee is immune from liability for intentional torts if the following elements are established: (1) the relevant acts were undertaken during the course of employment and the employee was acting, or reasonably believed he was acting within the scope of his authority; (2) the acts were undertaken in good faith, or were not undertaken with malice; and (3) the acts were discretionary, rather than ministerial, in nature. *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 228 (Mich. 2008). An officer does not act in good faith if he acts "maliciously, or for an improper purpose," *id.* at 224, or "with a wanton or reckless disregard of the rights of another," *id.* at 225.

The Plaintiff does not contest the Defendants' assertions that (1) they were acting within the scope of their employment and (2) the challenged acts were discretionary in nature. Rather, he submits that the Defendants' actions were undertaken with malice and not in good faith. As a result, the Court's analysis will focus on the second *Odom* factor.

1.   Roth

The Plaintiff testified that Roth beat him even though he was fully compliant and his hands had been immobilized with handcuffs. According to the Plaintiff, Roth admitted beating him because he did not make a greater effort to stop King during the highspeed chase. Pl. Tr. 102:14-103:16. The Plaintiff also testified that Roth - despite being made aware of his injured shoulder - proceeded to treat him more harshly by yanking him from the ground by the handcuffs. *Id.* at 94:14-95:6, 135:1-14. Taking the facts in the light most favorable to the opponent of the moving party, the Plaintiff has produced a sufficient amount of evidence of malice to create a question of material fact as to whether Roth is entitled to governmental immunity. Hence, Roth's motion for governmental immunity is denied.

2.   Trammel and Raab

The Plaintiff has failed to provide a sufficiency of evidence that Trammel and Raab played any role in his arrest or the beating. Therefore, he is unable to establish that either fellow law officer is individually liable for his claims of assault and battery, false imprisonment, false arrest, or intentional infliction of emotional distress. The Defendants' motion for summary judgment is granted with respect to all state law claims against Trammel and Raab.

C.   False arrest and false imprisonment

The Defendants submit that the Plaintiff cannot establish his claims of false arrest and false

8

imprisonment against Roth because probable cause existed to arrest him. An action for false arrest or false imprisonment cannot be maintained where the arrest is legal even if the person arrested is in fact innocent. *Lewis v. Farmer Jack Div., Inc.*, 327 N.W.2d 893, 894 n.2 (Mich.1982). "The crucial element in an action for false arrest or false imprisonment is not that the arrest or detention was unlawful. The test is whether the defendant had legal justification to arrest or detain the plaintiff." *Id.* at 901.

Here, Roth did not lack probable cause to arrest the Plaintiff. In fact, he was the passenger in a car that was reported stolen. The driver of that car led the police on a high-speed chase. Several courts have held that a passenger's voluntary presence in a stolen car provides probable cause for arrest. *See, e.g.*, *Sanders v. City of Philadelphia*, 209 F. Supp. 2d 439, 442 (E.D. Pa. 2002); *Hatcher v. State*, 935 A.2d 468, 484-86 (Md. Ct. App. 2007) ( "[A] prudent person is perfectly justified in believing that a passenger is somehow involved in the theft whether it be as an accomplice, conspirator or primary suspect. [The defendant's] apparent voluntary presence in a stolen automobile gives sufficient probable cause to warrant arrest and further investigation by the police.").

But even if Roth improperly relied on the Plaintiff's presence in the car as a basis for the arrest, probable cause existed to make an arrest based on the outstanding fugitive warrant. As Roth had probable cause to make the arrest, the Defendants' motion for summary judgment must be granted as it relates to the claims of false arrest and false imprisonment. *Lewis*, 327 N.W.2d at 894 (where police had probable cause to arrest, no basis for false arrest claim).

D.    Intentional Infliction of Emotional Distress

The Defendants contend that Roth is entitled to an entry of summary judgment as to the intentional infliction of emotional distress claim because the Plaintiff is unable to establish a prima

9

facie case. In order for a plaintiff to establish a prima facie case of intentional infliction of emotional distress, he must demonstrate the following elements: "(1) 'extreme and outrageous' conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.'" *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985). Roth contends that the Plaintiff is unable to prove that (1) he engaged in outrageous conduct or (2) his actions caused him to suffer severe emotional distress.

According to the Plaintiff's accusations, a police officer placed a handcuffed and compliant prisoner into the backseat of a patrol car and then stood over him and punched him in the face four or five times out of frustration. The Court cannot say as a matter of law that this conduct was not outrageous. Thus, the Plaintiff has produced sufficient evidence to raise a question of a material fact as to this element.

However, it must be noted that the Plaintiff has not provided the Court with any evidence of serious emotional distress. Although he claims to have suffered some distress as a result of his encounter with the police, "'[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Pratt v. Brown Mach. Co., a Div. of John Brown, Inc.*, 855 F.2d 1225, 1240 (6th Cir. 1988) (quoting Restatement (Second) of Torts § 46, cmt. j). Courts have repeatedly determined that occasional sleeplessness and anxiety is not sufficient. *See, e.g.*, *Roberts*, 374 N.W.2d at 912 (evidence insufficient where "[t]here was no evidence of grief, depression, disruption of life style, or of treatment for anxiety or depression."). Moreover, in this case, his sleeplessness appears to be caused by the physical pain from injuries rather than emotional distress. As he cannot establish a prima facie case, his claim of intentional infliction of emotional distress must be dismissed.

10

IV.

For the reasons that have been set forth above, the Court grants in part and denies in part the Defendants' motion for summary judgment (ECF No. 48). All claims against Trammel and Raab are dismissed. As to Roth, the claims of false imprisonment, false arrest, and intentional infliction of emotional distress are dismissed.

IT IS SO ORDERED.

Date: March 31, 2014                          s/Julian Abele Cook, Jr._____
                                              JULIAN ABELE COOK, JR.
                                              U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2014

                                              s/ Kay Doaks_____
                                              Case Manager

11